# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SUMMIT FOODS, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **VIKING PACKAGING TECHNOLOGIES, INC., dba Viking Masek Global Packaging Technologies**, <br><br> Defendant. | Case No. 3:18-cv-1470-SI <br><br> **OPINION AND ORDER** |

James P. Laurick and Ross C. Van Ness, KILMER, VOORHEES & LAURICK, P.C., 732 N.W. 19th Avenue, Portland, Oregon 97209-1302. Of Attorneys for Plaintiff.

Emilie K. Edling, HOUSER & ALLISON, APC, 9600 S.W. Oak St., Suite 570, Portland, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Summit Foods Inc., ("Summit") brings this case against Viking Packaging Technologies, Inc., ("Viking") alleging various breach of contract, breach of warranty, misrepresentation, and fraudulent inducement claims arising from Plaintiff's purchase of a piece of machinery from Defendant. Before the Court is Defendant's motion to dismiss or transfer venue to the Eastern District of Wisconsin under 28 U.S.C. §§ 1406(a) or 1404(a). Defendant

argues that a mandatory forum selection clause in the parties' contract requires that the parties litigate this dispute in Sheboygan County Wisconsin, where the Eastern District of Wisconsin is located. For the reasons discussed below, Defendant's motion is denied.

## STANDARDS

### A. Dismissal or Transfer of Venue Under Section 1406(a)

Under 28 U.S.C. § 1406, a district court, if it determines that a case has been filed in a district or division where venue is improper, can either dismiss the action or transfer it to a proper venue. Normally, 28 U.S.C. § 1391 governs venue and venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). But 28 U.S.C. § 1441 governs venue of removed actions. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* at 666. Actions that are first filed in state court and then removed to federal court are not "brought" in federal court under 28 U.S.C. § 1406. *Id.*

### B. Transfer of Venue Under Section 1404(a)

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district in which the parties could have originally brought the case or to any district to which the parties have consented.[1] *See* 28 U.S.C. § 1404(a). When ruling on a motion to transfer venue under

---

[1] Defendant seeks to enforce the forum selection clause by transfer of venue under both §§ 1406(a) and 1404(a), but "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through" § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist Court for W. Dist. Tex.*, 571 U.S. 49, 60 (2013). As a result, the Court will treat Defendant's motion to transfer venue because of the forum selection clause as a motion brought under § 1404(a).

§ 1404(a), a district court must find both that the requested venue is one in which the case might have originally been brought and that the transfer is appropriate, taking into account the convenience of the parties and the interest of justice. *See First Interstate Bank v. VHG Aviation, LLC*, 291 F. Supp. 3d 1176, 1179 (D. Or. 2018). This requires "an individualized case-by-case consideration of convenience and fairness" weighing many different factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotation marks omitted). These factors may include:

> The location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

District courts must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Tex.*, 571 U.S. 49, 62-63 (2013) (quoting 28 U.S.C. § 1404(a)). But "[t]he ordinary analysis of a motion to transfer venue under § 1404(a) changes . . . when the parties have formed a contract that includes a valid forum-selection clause." *First Interstate Bank*, 291 F. Supp. 3d at 1179. Courts give a valid forum selection clause "controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J. concurring)). A contractual forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972).

PAGE 3 – OPINION AND ORDER

Federal law governs the interpretation of a forum selection clause in a diversity case. *See Manetti-Farrow, Inc., v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Whether a forum selection clause is mandatory or permissive is a question of contract interpretation. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). When interpreting a contractual provision such as a forum selection clause, "the plain language of the contract should be considered first." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Just because the parties dispute a contract's meaning does not mean that the contract is ambiguous: "it is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation." *Id.*

If the text of the forum selection clause is mandatory, courts must enforce the clause, absent exceptional circumstances, and venue will lie in the chosen forum only. *See Hunt Wesson*, 817 F.2d at 77 (quoting *Pelleport Inv'rs, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273 280 (9th Cir. 1984)). To be mandatory, a forum selection clause must contain wording suggesting that the parties intended to designate the specified forum as the *exclusive* forum. *See N. Cal. Dist. of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). When the forum selection clause specifies only one permissible jurisdiction, however, "the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *N. Cal. Dist. of Laborers*, 69 F.3d at 1037. In other words, a forum selection clause is permissive when it merely shows that the parties have consented to jurisdiction in a particular locale, but does not preclude litigation elsewhere. *See Docksider*, 875 F.2d at 764.

## BACKGROUND

Summit Foods is a small specialty fruit processor in Cornelius, Oregon. Viking is a large designer and manufacturer of food processing equipment headquartered in Wisconsin. In 2016,

PAGE 4 – OPINION AND ORDER

Summit entered into a contract with Viking for the purchase of a large piece of food processing equipment. The first purchase Summit made from Viking was a fruit filling machine. When a dispute arose about that machine, the parties agreed on a settlement. As part of that settlement, Viking agreed to design and build a custom machine for Summit that would consist of product delivery, metal detection, weighting, and packaging (the "packaging system"). The packaging system was completed and delivered in March 2018. It weighs approximately 20,000 pounds and is 25 feet long, 25 feet wide, and 15 feet tall.

Summit alleges that the packaging system never worked properly, and crushed its dried apple chips into crumbs. In July 2018, Summit sued Viking in Washington County Circuit Court alleging breach of contract, breach of warranty, and various other claims relating to the parties' agreement. In August, Viking removed the case to federal district court under 28 U.S.C § 1441(a).

## DISCUSSION

**A. Venue under Section 1406**

Because this case was first filed in state court and Defendant removed it to federal court, 28 U.S.C. § 1441 governs venue. *See Polizzi*, 345 U.S. at 665. The District of Oregon is the district "embracing" Washington County, where the state action was originally pending, and thus venue is proper in the District of Oregon. *See id.* Additionally, even if the Court were to evaluate venue under § 1391 and not § 1441, venue would be proper in the District of Oregon. The parties formed the contract by telephone in both Oregon and Wisconsin, the machine is located in Oregon, and the alleged malfunctioning is occurring in Oregon. Thus, Defendant's motion to dismiss or transfer venue under 28 U.S.C. § 1406 is denied.

PAGE 5 – OPINION AND ORDER

**B. Forum Selection Clause and Transfer under Section 1404**

Plaintiff does not argue that the forum selection clause at issue is unreasonable under *Bremen*. *See Bremen*, 407 U.S. at 10. Instead, Plaintiff argues that the forum selection clause is permissive, not mandatory, and that venue is proper in Oregon.

The forum selection clause in the parties' contract reads:

> This Contract will be governed by, construed and enforced in accordance with the laws of the State of Wisconsin including the UCC without giving effect to the rules respecting its conflicts of law principles. The courts of Sheboygan County Wisconsin will have jurisdiction to entertain and determine all disputes and claims both at law and in equity arising out of or in any way connected with the validity, existence, enforceability, construction, breach or alleged, threatened or anticipated breach of this Contract, to which the parties admit to having personal jurisdiction over them. Both parties waive rights to a jury trial.

ECF 5 at 4; ECF 7 at 2.

Defendant argues that the forum selection clause is mandatory, not permissive, and emphasizes the sentence in the clause stating that "[t]he courts of Sheboygan County Wisconsin *will have jurisdiction* to entertain and determine all disputes and claims both in law and in equity *arising out of or in any way* connected with" the contract. This text, Defendant argues, denotes Sheboygan County as the exclusive forum for resolving all disputes that relate to the contract. Because the clause designated with such precision a specific county in Wisconsin and uses a mandatory term like "will," Defendant asserts, the clause must have been intended to be mandatory and not permissive.

Defendant reads the forum selection clause through rose-colored glasses. A careful reading of the clause reveals that the clause is silent on whether any other jurisdiction, aside from Sheboygan County Wisconsin, might *also* have jurisdiction. The text in the forum selection

PAGE 6 – OPINION AND ORDER

clause at issue here is nearly identical to that of the forum selection clause that the Ninth Circuit found to be permissive in *Hunt Wesson*. There, the clause read: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of the contract." *Hunt Wesson*, 817 F.2d at 76. The Ninth Circuit found determinative the fact that "[t]he language says nothing about the Orange County courts having exclusive jurisdiction. . . . Although the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction." *Id.* at 77. The only difference between the clause in *Hunt Wesson* and the clause here is that the clause in *Hunt Wesson* said that the specified county "shall have jurisdiction" and the clause here says it "will have jurisdiction." As Defendant acknowledges in its brief, there is no authority suggesting that the term "shall" is more mandatory or exclusive than the term "will."

The Ninth Circuit considers a forum selection clause to be mandatory when there is additional wording suggesting that the parties intended to designate the forum as the *exclusive* one, not just an acceptable one. *See N. Cal. Dist. of Laborers*, 69 F.3d at 1037; *Docksider*, 875 F.2d at 764. For example, a clause requiring that "any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)" was mandatory. *Pelleport Inv'rs*, 741 F.2d at 275. There is no further text suggesting that Sheboygan County Wisconsin, *and only Sheboygan County Wisconsin*, will have jurisdiction. The effect of the forum selection clause, like the clause in *Hunt Wesson*, is merely to state that the case *could* be litigated in Sheboygan County Wisconsin.

The primary case relied on by Defendant in support of its proposition that the forum selection clause is mandatory is readily distinguishable. That case, *Mead Investments Inc. v. Garlic Jim's Franchise Corp.*, 2008 WL 4911911 (D. Or. Nov. 13, 2008), involved a forum

selection clause that specified that "venue shall lie" in a specific court. *Id.* at *1. But "[t]he prevailing rule is clear . . . that where *venue* is specified with mandatory language, the clause will be enforced. When only *jurisdiction* is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider*, 875 F.2d at 763 (emphasis added). There is no "further language" here. *Id*.

Defendant next argues that principles of contract interpretation require finding that the clause is mandatory, because any other result would render the clause meaningless. But, as discussed above, construing the clause as permissive does not deprive it of meaning. Even if the clause is permissive, not mandatory, it still has the effect of stating that the parties consent to jurisdiction in Sheboygan County Wisconsin and that courts there have jurisdiction to adjudicate the dispute. Were the situation reversed, and had Plaintiff sued in Sheboygan County Wisconsin and Defendant moved to transfer venue to Oregon, the forum selection clause could prove instrumental in deciding the motion to transfer. *See First Interstate Bank*, 291 F. Supp. 3d at 1184 (holding that "when one party sues another in a forum expressly consented to in a permissive forum selection clause, it would thwart the first party's bargain" to grant motion to transfer).

The forum selection clause is permissive, not mandatory. Thus, Defendant's motion to transfer venue based on the forum selection clause is denied.

**C. Transfer of Venue for the Convenience of the Parties under Section 1404**

Defendant argues, in the alternative, that this court should transfer venue to the Eastern District of Wisconsin under a traditional 28 U.S.C. § 1404(a) analysis, even without considering the forum selection clause. As the moving party, Defendant bears the burden of establishing that the transferee forum is more appropriate. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Courts apply "a strong presumption in favor of honoring the plaintiff's choice of forum."

PAGE 8 – OPINION AND ORDER

*Creative Tech., Ltd. v. Aztech Sys. Pte. Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995). The burden is on the defendant to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Analyzing the eight factors enumerated in *Jones* reveals that Oregon is a more appropriate venue for this litigation. *See Jones*, 211 F.3d at 498-99. The parties negotiated and executed the contract by phone in both Wisconsin and Oregon, so the first factor identified in *Jones* does not favor transferring venue. The second factor weights slightly in favor of Defendant's motion because the Wisconsin courts are more likely to be familiar with Wisconsin law, the law of choice in the contract. But, the third, fourth, and fifth factors do not favor transferring venue. Plaintiff, an Oregon company, has chosen Oregon as its preferred forum for this litigation and that decision is entitled to special deference. *See Adidas Am., Inc., v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1096 (D. Or. 2016) (giving great weight to plaintiff's choice of forum where plaintiff had its headquarters and principal place of business in forum). The cause of action arises out of the parties' contract related to the manufacture, sale, and operation of a large and complex machine in Oregon. The sixth and seventh factors are largely neutral, because whichever venue this case is litigated in, one party will have to travel to the forum and the Federal Rules of Civil Procedure will govern the subpoena process (and neither party has asserted that compulsory process will be needed in this matter). The eighth factor weighs strongly against granting Defendant's motion because the packaging system, a large and heavy machine, is located in Oregon and cannot easily be moved. *See Piper Aircraft*, 454 U.S. at 241 n.6 (listing among factors that courts should consider the ease of access to sources of proof and whether it is possible to view the premises). Any expert witnesses who examine the packaging

system will likely have to do so in Oregon. Taken together, these factors weigh against transferring venue to the Eastern District of Wisconsin.

## CONCLUSION

Defendant's motion to dismiss or transfer venue (ECF 5) is DENIED.

**IT IS SO ORDERED**.

DATED this 28th day of September, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
